**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| EDWARD JAESON HENRY, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 4:08-CV-126-CDL-GMF |
| | : | |
| RAYMOND A. SIMONESE, *et al.*, | : | 28 U.S.C. § 2241 |
| | : | Habeas Corpus Petition |
| Respondents. | : | |

**REPORT AND RECOMMENDATION**

Before the Court is Respondents' Motion to Dismiss, filed in this case on March 9, 2009. (R-10). The pleadings reveal that following the filing of his application for federal habeas relief, Petitioner was deported to his native country of Panama on or about December 30, 2008. *Id.* In his application, Petitioner was challenging the legality of his detention based upon assertions of United States citizenship. (R-1). In their Motion to Dismiss, Respondents contend that since Petitioner is no longer in custody, Petitioner's pending § 2241 petition is, therefore, moot and should be dismissed as such. (R-10).

The Eleventh Circuit Court of Appeals has held that:

> The doctrine of mootness derives directly from the case-or-controversy limitation because "an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval County Sch. Bd.,* 112 F.3d 1475, 1477 (11th Cir. 1997). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a 1336 legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496, 89 S. Ct. 1944, 1951, 23 L. Ed. 2d 491 (1969). As this Court has explained, "[p]ut another way, 'a case is moot when it no longer presents a live controversy with respect to which the court can

>give meaningful relief.' " *Florida Ass'n of Rehab. Facilities, Inc. v. Florida Dep't of Health and Rehab. Servs.,* 225 F.3d 1208, 1216-17 (11th Cir. 2000) (quoting *Ethredge v. Hail,* 996 F.2d 1173, 1175 (11th Cir. 1993)). If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed. *See, e.g., Hall v. Beals,* 396 U.S. 45, 48, 90 S. Ct. 200, 201-02, 24 L. Ed. 2d 214 (1969) (per curiam). Indeed, dismissal is required because mootness is jurisdictional. *See Florida Ass'n of Rehab. Facilities,* 225 F.3d at 1227 n. 14 (citing *North Carolina v. Rice,* 404 U.S. 244, 246, 92 S. Ct. 402, 404, 30 L. Ed. 2d 413 (1971) ("The question of mootness is ... one which a federal court must resolve before it assumes jurisdiction.")).

*Al Najjar v. Ashcroft*, 273 F.3d 1330 (11th Cir. 2001). Furthermore, where a petitioner is no longer in custody, the dispute with regard to his detention is mooted. *See Spencer v. Kemna,* 523 U.S. 1, 7 (1998).

WHEREFORE, IT IS RECOMMENDED that Petitioner's Application for Writ of Habeas Corpus be dismissed without prejudicing his right to file a new § 2241 petition in the future if a change in circumstances enables Petitioner to state a claim upon which habeas relief can be granted. Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this RECOMMENDATION with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 30th day of March, 2009.

>S/ G. MALLON FAIRCLOTH
>UNITED STATES MAGISTRATE JUDGE

lml